UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESHAWN HARDGE,<br><br>          Plaintiff,<br><br>   v.<br><br>E. ALAMEIDA, et.al.,<br><br>          Defendants. | CV F- 05-0718 OWW DLB P<br><br>ORDER DISMISSING COMPLAINT<br>WITH LEAVE TO AMEND |

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. sec. 1983. Pending before the Court is Plaintiff's complaint filed June 3, 2005. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

      Plaintiff names as defendants E. Alameida, former Director of the California Department of Corrections ("CDC"); Warden Adams; Captain Homme; Lieutenant Fouch; Sergeant Woodend; Sergeant Philpott; and Officer Ward.  Plaintiff alleges that on May 13, 2003, he was participating in yard activities at Corcoran State Prison, where he was incarcerated at the time, when an altercation began among three Hispanic inmates.  Plaintiff alleges that he, along with other uninvolved African American inmates, were laying in a prone position when defendant Ward fired a projectile from an observation tower, which struck plaintiff in the jaw.  As a result, plaintiff suffered pain, bleeding, skin flap and required six sutures in his right jaw.  Plaintiff alleges that defendant Ward knew or should have known that firing a projectile from a distance of 500 feet from the location of the combatants would result in pain and suffering or even death to other inmates in the line of fire.  Plaintiff contends defendant Ward failed to consider the safety of the prisoners, such as plainitff, in his line of fire.  Plaintiff alleges that defendant Alameida failed to properly train defendant Ward and defendant Adams, Homme, Fouch, Woodend and Philpott failed to protect plaintiff from foreseeable harm.  Plaintiff seeks monetary and injunctive relief.

      **Excessive Force Claim**

      "Whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishment Clause [of the Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Hudson v. McMillian, 503 U.S. 1, 7 (1992) (citing Whitley v. Albers, 475 U.S. 312, 320-21 (1986)).  "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between the need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'"  Hudson, 503 U.S. at 7.  "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it."  Id.

      Not "every malevolent touch by a prison guard gives rise to a federal cause of action.  Id. at

9.  "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." Id. (citing Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir. 1973) (cert. denied sub nom. Johnson, 414 U.S. 1033 (1973)).  "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'"  Id. at 9-10.

Here, plainitff describes negligent conduct on the part of defendant Ward.  Negligent conduct, even if it causes injury cannot serve as the basis for a constitutional claim under the Eighth Amendment.  Plaintiff does not contend that defendant Ward intentionally struck him but rather that he failed to use care not to strike other inmates within his line of fire.  While it is unfortunate that plainitff was injured, the allegations do not rise to the level of malicious or sadistic conduct and are not sufficient to state a claim under the Eighth Amendment.

**Supervisorial Liability**

Plaintiff also fails to state cognizable claims against the supervisory defendants Alameida, Adams, Homme, Fouch, Woodend, and Philpott.

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Although federal pleading standards are broad, some facts must be alleged to support

claims under section 1983.  See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Plaintiff has not alleged any facts indicating that these defendants personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646.  He therefore fails to state claims under section 1983 against defendants Alameida, Adams, Homme, Fouch, Woodend, or Philpott.

**State law Claims**

Plaintiff has also alleged a state law claim for negligence s against the defendants.  Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c).  "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 13679(c) is discretionary."  Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).  The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well."  United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).  As discussed, at this juncture, plaintiff has failed to state any federal claims against the named defendants.

**Leave to Amend**

In summary, the Court finds it necessary to dismiss the complaint in its entirety.  The Court will grant plaintiff an opportunity to amend to cure the deficiencies of this complaint.  Failure to cure the deficiencies will result in dismissal of this action without leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the Court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

   1. Plaintiff's complaint is dismissed;

   2. The Clerk's Office shall send plaintiff a complaint form; and

   3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in dismissal of this action for failure to state a claim and failure to comply with the court's order.

IT IS SO ORDERED.

Dated:   March 10, 2006                    /s/ Dennis L. Beck
3b142a                                     UNITED STATES MAGISTRATE JUDGE