1

2

3

4

5

6

7

8

9

10

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

11   DESHAWN HARDGE,                                    Case No.: 1:05-cv-00718 LJO DLB (PC)

12                          Plaintiff,                  ORDER DENYING PLAINTIFF'S
                                                        MOTIONS TO COMPEL PRODUCTION
13           v.                                         OF DOCUMENTS

14   D. ADAMS, et. al.,                                 (Docs. 28, 29, 32, 33, and 35)

15                          Defendant.                  ORDER GRANTING IN PART AND
                                                        DENYING IN PART PLAINTIFF'S
16                                                      MOTION TO COMPEL FURTHER
                                                        RESPONSES TO INTERROGATORIES
17
                                                        (Docs. 30, 31)
18
                                                        ORDER EXTENDING DISCOVERY
19                                                      DEADLINE AND AMENDED
                                                        PLEADINGS DEADLINE
20
                                                        (Doc. 25)
21

22   _____/

23

24   **I.      Background**

25           Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action.

26   This action is proceeding on Plaintiff's amended complaint filed on April 14, 2006 against

27   defendants Adams and Ward for use of excessive force in violation of the Eighth Amendment.  (Doc.

28   9).  In his amended complaint, Plaintiff alleges that on May 13, 2003, Defendant Ward fired a 40

m/m grenade launcher to quell a disturbance at California Substance Abuse and Treatment Facility ("CSATF" or "SATF").  Plaintiff alleges that the projectile struck Plaintiff, an uninvolved inmate, who was in a prone position one hundred feet away.  Plaintiff alleges that defendant Adams authorized the use of the device by defendant Ward, and that defendant Adams was involved in the purchase, deployment, training and maintenance of the device.  (Id., pp.8-9).   Plaintiff also alleges that defendant Adams failed to procure the weapons sights for the 40 m/m grenade launchers. (Id., pp.9-10).

On August 13, 2008, Plaintiff filed motions to compel the production of documents from defendants Ward and Adams, which Plaintiff re-filed on August 21, 2008. (Docs. 28, 29, 32, 33, 35). Plaintiff has also filed motions to compel further responses to interrogatories.  (Docs. 30, 31). Defendants filed an opposition on August 26, 2008, and Plaintiff filed a reply on September 9, 2008. (Docs. 34, 36).  These motions are deemed submitted.

**II.      Requests for Production of Documents**

**A.      Motions to Compel the Production of Documents, Sets One and Two**

With respect to Plaintiff's Requests for Production of Documents ("ROPD"), Set One and Set Two, Plaintiff has moved to compel the production of any documentation mentioning or describing:

- all use of force critique of defendant Ward [RPOD (Ward), Set 1, Request No.1; RPOD (Adams), Set 1, Request No.1];

- Internal Affairs Office reports on defendants Ward and Adams [RPOD (Ward), Set 1, Request No.2; RPOD (Adams), Set 1, Request No.2];

- the use of force policy of 40m/m firearm [RPOD (Ward), Set 1, Request No.3; RPOD (Adams), Set 1, Request No.3];

- the CSATF Corcoran Armory LOG 2001-2008 including the name, model, make and serial number of the 40m/m launcher used to injure Plaintiff [RPOD (Adams), Set 1, Request No.4];

- the procurement and purchase of all 37mm and 40mm destructive devices and all associated ammunition accessories and aiming devices [RPOD (Adams), Set 1, Request No.5];

- all documents and records or rang [sic] qualifications for all defendants including any targets photographs or video; [RPOD (Ward), Set 1, Request No.6; RPOD (Adams),

1        Set 1, Request No.6];

2    •    records, litigations, appeals, grievances, investigations, reviews or reports that
         mention, describe or record defendant Ward's use of force while employed by CDCR
3        and any other correctional officer who has deployed a 40 mm firearm in the
         performance of his or duties for CDCR on or before this incident [RPOD (Ward) Set
4        1, Request No.7; RPOD (Adams) Set 1, Request No.7];[1]

5    •    Bureau of Alcohol/Tobacco/and Firearm for approving any and all 40mm destructive
         devices covered under the National Firearms Act transferred to CSATF Corcoran.
6        Parties who made the actual presentation, training sales, delivery, including
         subcontractors identification;[RPOD (Ward) Set 1, Request No.8; RPOD (Adams)
7        Set 1, Request No.8] and

8    •    the production of all documents that mention, describe, discuss, identify, or could lead
         to identifying John Does #1#2#3.  [RPOD (Ward) Set 2, Request No.1; RPOD
9        (Adams) Set 2, Request No.1].

10        At the outset, Plaintiff has requested documents in the possession of either defendants or

11   CDCR.  Plaintiff is advised that defendants are only required to produce documents that are within

12   their possession, custody or control.  Fed. R. Civ. Pro. 34(a).

13        Defendants have objected, on various grounds, to each request detailed above.  Without

14   waiving their objections, defendants have further asserted that after a diligent search, they do not

15   have possession, custody or control of any documents responsive to Plaintiff's requests.

16        In opposition to Plaintiff's motion to compel, Defendants state that neither Ward nor Adams

17   now work at CSATF, and that they do not have control over the documents sought.  Defendants

18   further argue that they are not obligated to comb an institution where they are no longer employed for

19   documents, determining who are the custodians of the records, and requesting the documents for

20   Plaintiff.  Defendants have submitted declarations attesting that both Ward and Adams have checked

21   their offices and their homes and do not have possession of any documents sought by Plaintiff.

22   (Doc. 34, Exh. K, Ward Decl., ¶2; Exh. J, Adams Decl., ¶3)

23        The Court cannot order defendants to produce documents that are not in their possession,

24   custody or control.  The Court shall extend the discovery deadline to allow Plaintiff to file a motion

25   for the issuance of subpoenas duces tecum commanding the production of the documents detailed

26

27        [1]Defendants have produced one document responsive to this request, obtained from Plaintiff's complaint.

28

1   above since it appears that the documents are in the possession, custody or control of third parties.

2       Plaintiff is entitled to seek documentary evidence from third parties via the issuance of a

3   subpoena duces tecum under Federal Rule of Civil Procedure 45, which would be served by the

4   United States Marshal given that plaintiff is proceeding in forma pauperis.  Plaintiff must describe

5   the documents he is seeking and plaintiff must specify from whom he is seeking the documents.  A

6   review of Plaintiff's requests served on defendants shows that many of the requests, as worded, are

7   overly broad in that they have no limits in terms of time period or scope.  Plaintiff is cautioned that

8   he must narrowly tailor his requests (for example, a request for 'the use of force policy for 40m/m

9   firearms' will be denied as overly broad if plaintiff does not limit his request to a particular time

10  period and specify the particular institution plaintiff wants the policy for).  Directing the Marshal's

11  Office to expend its resources personally serving a subpoena is not taken lightly by the court.

12  Plaintiff's motion for subpoenas duces tecum should be accompanied by an offer of proof concerning

13  the existence of the documents and the location of the documents, and a statement concerning upon

14  whom the third party subpoena would be served.

15      **B.    Motion to Compel the Production of Documents, Set Three**

16      Plaintiff further seeks to compel further responses to his Request for Production of

17  Documents, Set Three, Requests Nos. 2, 3, 4, 5, 6, and 7 served upon defendant Adams.

18      Defendant Adams has objected to each request on the grounds that the requests do not call for

19  the production of documents.  In their opposition the motion to compel, defendants assert that

20  Plaintiff is attempting to propound additional interrogatories upon defendant Adams in the guise of a

21  request for production of documents.

22      Defendants' objection is well founded. Plaintiff has propounded additional interrogatories,

23  which he many not do by way for a request for production of documents.  Plaintiff's motion to

24  compel a further responses is denied.

25  ///

26  ///

27  ///

28  ///

1   **III.     Motion to Compel Further Responses to Interrogatories**

2        **A.      Defendant Adams**

3        **Set One, Interrogatory No. 8:** Please list the date of all firearm training classes range
         qualifications, firearm training, or weapons demonstration that you have either attended or
4        failed to attend.

5        **Response:** Adams objects to this Interrogatory as vague, compound, overly broad, and
         unduly burdensome.  Without waiving objections, after a reasonable inquiry, Adams does not
6        recall.

7        The court cannot compel a further response if Defendant Adams does not remember.

8   Defendant Adams is not required to file a further response.

9

10       **Set One, Interrogatory No. 11:** As a result the innocent becomes the affected target behind
         SATF Corcoran firing protocol if given the opportunity would you strengthen the area thats
11       weak to insure the unintended target do not become the intended target.

12       **Response:** Adams objects to this interrogatory as vague, not relevant, and not reasonably
         calculated to lead to the discovery of admissible evidence.  Based on these objections, Adams
13       will not respond to this interrogatory.

14       It is not clear how Plaintiff's interrogatory is relevant to a claim or defense or reasonably

15  calculated to lead to the discovery of admissible evidence.  Plaintiff's argument is support of his

16  motion to compel, that "due to Plaintiff Is Unable To Discovery Request Do To Defendants

17  Continued Objections, Denial of Document Existence/Claims of Privilege or Claim of Plaintiff's

18  Questions are Overbroad" is not of assistance.  Defendant's objection is well founded and Defendant

19  Adams is not required to provide a further response.

20       **Interrogatory No. 12:** Have you ever been sued before as an employee of CDCR, If yes
         what for Please state case # number.
21
22       **Response:** Adams objects to this interrogatory to the extent this interrogatory is vague,
         compound, overly broad, not relevant, and not reasonably calculated to lead to the discovery
23       of admissible evidence.  Without waiving objections, after a reasonable inquiry, Adams does
         not recall being sued for any alleged improper procurement of rubber bullet launcher.

24       Plaintiff's request is overly broad in that Plaintiff has not placed a temporal limit nor any

25  limit on the nature of the lawsuits filed against defendant Adams. Defendant Adams  has

26  appropriately responded by stating that he does not recall any previous lawsuit involving similar

27  allegations as those raised by Plaintiff in this instant case.  Defendant Adams is not required to

28  provide a further response.

1   **Interrogatory No. 13:** Once building staff respond to, a yard alarm what is the procedure for floor staff and tower/control.

2

3   **Response:** Adams objects to this interrogatory as vague, incomplete, hypothetical, violates right to privacy, institutional safety and security.  Based on these objections, Adams will not be responding to this interrogatory.

4

5   In support of the instant motion to compel a further response, Plaintiff argues "Do to plaintiff

6   is unable to discover request do to defendants continued objections, denial of document

7   existence/claims of privilege or claim Plaintiff's Questions Are Overbroad".  Defendant Adams

8   argues in opposition that the current procedure at Corcoran State Prison is irrelevant to what

9   occurred on May 13, 2003 at CSATF.  Defendant further argues that providing an inmate with alarm

10  response procedures could jeopardize safety and security of the institution, staff and other inmates by

11  undermining CDCR's ability to prevent escapes, assaults, and other illegal activities.

12  Plaintiff's interrogatory should be limited to the procedure in place at CSATF on May 13,

13  2003.  Although defendant Adams objects to the interrogatory for security reasons, defendants did

14  not request a protective order or in camera review by the Court.  Accordingly, within thirty (30) days

15  of service of this order, Defendant Adams shall serve a further response to Interrogatory No. 13, with

16  respect to the procedure in place at CSATF on May 13, 2003, and may file with the Court a request

17  for an in camera review if necessary.

18  **Set Two, Interrogatory No. 1:** Please list all information known to you or to which you may access that identifies or describe John Does #1#2#3.

19

20  **Response:** Adams objects to this interrogatory as vague and compound without waiving these objections, after a reasonable inquire, Adams does not have any responsive information.

21

22  In Plaintiff's reply, Plaintiff states that Doe #1 is the staff member at SATF who at the time

23  of the incident was in charge of ordering, maintaining, testing and assigning firearms.  Doe #2 is a

24  Correctional staff member who at the time of the incident and/or prior to this incident was assigned

25  at SATF's Procurement Department, who purchase the 40 m/m grenade launcher as well as the

26  procurement of the Xm1006 exact impact 40 m/m solid projectile munition.  Doe #3 is the

27  Correctional Training Sergeant/Rang [sic] Mater at SATF on or before the incident which injured

28  Plaintiff, and who trained Correctional Officer G. Ward.

U.S. District Court
E. D. California

6

1   These descriptions of the Doe defendants are also contained in Plaintiff's amended

2   complaint, the operative pleading in this action.  The Court presumes that defendant Adams was

3   aware of these descriptions when answering Plaintiff's interrogatory and when stating that he did not

4   have any responsive information.  Defendant Adams is not required to provide a further response.

5

6   **Set Three, Interrogatory No. 1:** Defendant Adams, who among your subordinates and/or
    your supervisors, are involved in policy decisions on the use of force policy and procedures

7   for the use of, maintenance (including calibration), testing and deployment of the 40 m/m
    grenade launchers issued at your institution?

8
    **Response:** Adams objects to this interrogatory as vague, compound, not relevant, and not
9   reasonably calculated to lead to the discovery of admissible evidence.  Without waiving these
    objections, no staff at CSP-Corcoran is involved in making policy decisions on the use of
10  force.  Such decisions are made by higher ranking officials at CDCR headquarters on a
    department-wide basis.

11

12  Defendant Adams' objections are valid. The Court does not see how an interrogatory

13  concerning the policy decision-makers for California State Prison - Corcoran at the present time is

14  relevant to a claim or defense or reasonably calculated to lead to the discovery of admissible

15  evidence.  A further response is not required.

16  **B.      Defendant Ward**

17  **Set One, Interrogatory No. 5:** Please list the dates of all firearm training classes, rang[e]
    qualifications, firearm training, or weapon demonstration that you have either attended or

18  failed to attend.

19  **Response:** Ward objects to this interrogatory as vague, overly broad, and unduly
    burdensome.  Without waiving objections Ward generally received annual firearms training.
20  While in an armed post, Ward received quarterly firearm training.

21  Without any time limitations, Plaintiff's request is overly broad. However, the Court does not

22  agree that Plaintiff's interrogatory must be limited to the type of weapon used in the incident giving

23  rise to this action, and may include training for all types of firearms.  Defendant Ward is required to

24  serve a further response to Plaintiff's interrogatory, limited in time from January 2001 - December

25  2003, and limited to firearms training (as opposed to all weapons).

26  ///

27  ///

28  ///

**Set One, Interrogatory No. 14:** Prior to discharging the firearm that injured Plaintiff approximately, what was your estimated distance upon hitting your intended target.

**Response:** Ward objects to this interrogatory as lacking foundation, assumes facts not in evidence, vague.  Without waiving objections, after a reasonable inquiry, Ward does not recall.

In opposition to the motion to compel, defendant Ward asserts that he cannot recall the estimated distance between himself and the intended target.  This is surprising given Defendant Ward's ability to recall the inmate fighting on May 13, 2003,  that Plaintiff was located in front of the fighting inmates, that Defendant Ward was in the observation tower and fired two shots, and that the second shot fell short of the fighting inmates and hit Plaintiff, all in support of defendants' motion for summary judgment filed in November 2008, filed seven months after defendant served his response to the interrogatory.  (Doc. 39-3, Defendants' Motion for Summary Judgment, Ward Decl., ¶¶4, 6, 8, 9.).

Plaintiff has requested an estimate of the distance between Defendant Ward and the intended target.  Defendant's objections are unfounded and Defendant Ward is to file a further response to Plaintiff's interrogatory within 30 days.  If Defendant Ward cannot recall and cannot in good faith provide an estimate, Defendant may file a further response to that effect.

**Set Two, Interrogatory No. 1:** Please list all information known to you or to which you may access that identifies or describes John Does #1#2#3.

**Response:** Ward objects to this interrogatory as vague and compound.  Without waiving these objections, after a reasonable inquiry, Ward does not have any responsive information.

Defendant Ward is not required to provide a further response, for the same reasons detailed in response to Plaintiff's motion to compel a further response from defendant Adams to Plaintiff's Interrogatory No. 1, Set Two (see above).

///

///

///

///

///

**Set Two, Interrogatory No. 4:** Defendant Ward, who at SATF is responsible for the procurement of, testing, maintenance and calibration of the state issue grenade launcher when that force is necessary?

**Response:** Ward objects to this interrogatory as vague, unintelligible, compound, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, after reasonable inquiry, Ward does not know.

Defendant Ward states that he does not know.  Defendant Ward is not required to provide a further response.

**III.     Order Extending Discovery Deadline and Amended Pleadings Deadline**

Because Plaintiff's motions to compel were filed before the expiration of the discovery deadline but not resolved by the Court until after the expiration of the deadline, the deadline shall be extended to June 12, 2009, for the limited purpose of allowing Plaintiff to file a motion for the issuance of subpoenas duces tecum and to file any motions arising from the subpoenas duces tecum or from this order.

On July 10, 2008, Plaintiff timely filed a motion to extend the amended pleadings deadline. (Doc. 25).   Pursuant to the Discovery Order/Scheduling Order issued February 13, 2008, the deadline for amended pleadings was August 7, 2008.  (Doc. 24).

Modification of the pretrial scheduling order requires a showing of good cause.  Fed. R. Civ. P. 16(b).  "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"  Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992)). "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted."  Id.

In his motion, Plaintiff states that he seeks the identity of John Does 1, 2, and 3, and that he has requested their identities through diligent use of discovery, and that he is preparing his motion to compel.  Plaintiff's motions to compel the production of documents have been denied by this order, and it is not clear that the interrogatories for which defendants are ordered to serve further responses will assist Plaintiff in ascertaining the identities of the three John Does.  Nonetheless, the Court shall extend the amended pleadings deadline, for the limited purpose of allowing Plaintiff to seek leave to amend his claims against defendants John Doe 1, 2, and 3, in the event that he is able to identify

them.  The amended pleadings deadline is extended to April 13, 2009.

**VI.     Conclusion**

As set forth herein, it is HEREBY ORDERED that:

1.      Plaintiff's motions to compel are GRANTED IN PART AND DENIED IN PART as follows:

    a.      Plaintiff's motions to compel the production of documents are denied in whole;

    b.      With respect to defendant Adams,

        I.      Plaintiff's motion to compel responses to interrogatory no. 13 (Set One) is granted, as narrowed and clarified by this order, and defendants have **thirty (30) days** within which to serve responses; and

        ii.      Plaintiff's motion to compel further responses to interrogatories 8, 11, 12 (Set One), 1 (Set Two) and 1 (Set Three) are denied;

    c.      With respect to defendant Ward,

        I.      Plaintiff's motion to compel responses to interrogatory nos. 5 and 14 (Set One) is granted, as narrowed and clarified by this order, and defendants have **thirty (30) days** within which to serve responses; and

        ii.      Plaintiff's motion to compel further responses to interrogatories 1 and 4 (Set Two) are denied;

    d.      The discovery deadline is extended to **June 12, 2009**, for the limited purpose of allowing Plaintiff to file a motion for the issuance of subpoenas duces tecum and to file any motions to compel arising from the issuance of any subpoena duces tecum or from this order; and

///

///

///

1  ///

2          e.      Plaintiff's request for an extension of the amended pleadings deadline is

3          GRANTED. The amended pleadings deadline is **April 13, 2009.**

4      IT IS SO ORDERED.

5    **Dated:**   **February 13, 2009**            /s/ **Dennis L. Beck**

6                                      UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28