# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESHAWN HARDGE,<br><br>        Plaintiff,<br><br>   v.<br><br>D. ADAMS, et. al.,<br><br>        Defendant.<br>_____/ | Case No.: 1:05-cv-00718 LJO DLB (PC)<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTIONS FOR ISSUANCE OF SUBPOENA DUCES TECUM, AND PLACING PARTIES ON NOTICE THAT THE SUBPOENA TO WARDEN KEN CLARK WILL ISSUE AFTER TWENTY DAYS FROM THE DATE OF SERVICE OF THIS ORDER<br><br>(Docs. 42, 43, 44, 45, 50)<br><br>ORDER VACATING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FROM THE COURT'S CALENDAR PENDING COMPLETION OF DISCOVERY<br><br>(Doc. 39) |

## I.     Background

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action. This action is proceeding on Plaintiff's amended complaint filed on April 14, 2006 against defendants Adams and Ward for use of excessive force in violation of the Eighth Amendment. (Doc. 9). In his amended complaint, Plaintiff alleges that on May 13, 2003, Defendant Ward fired a 40 m/m grenade launcher to quell a disturbance at California Substance Abuse and Treatment Facility ("CSATF" or "SATF"). Plaintiff alleges that the projectile struck Plaintiff, an uninvolved inmate, who was in a prone

position one hundred feet away. Plaintiff alleges that defendant Adams authorized the use of the device by defendant Ward, and that defendant Adams was involved in the purchase, deployment, training and maintenance of the device. (Id., pp.8-9). Plaintiff also alleges that defendant Adams failed to procure the weapons sights for the 40 m/m grenade launchers. (Id., pp.9-10).

On August 13, 2008, Plaintiff filed motions to compel the production of documents from defendants Ward and Adams, which Plaintiff re-filed on August 21, 2008. (Docs. 28, 29, 32, 33, 35). Plaintiff also filed motions to compel further responses to interrogatories. (Docs. 30, 31). Defendants filed an opposition on August 26, 2008, and Plaintiff filed a reply on September 9, 2008. (Docs. 34, 36). On February 17, 2009, the Court issued an order denying in part and granting in part Plaintiff's motion to compel. (Doc. 41.) The discovery deadline was extended to June 12, 2009 for the limited purpose of allowing Plaintiff to file a motion for the issuance of a subpoena duces tecum, and to file any motions to compel arising from the issuance of the subpoena.

On March 19 and 20, 2009 and April 6, 2009, Plaintiff filed four requests for the issuance of a subpoena duces tecum.[1] (Docs. 42, 43, 44, 45.)

**II.     Requests for Subpoena Duces Tecum**

**Request 1.** All use of force critique of defendant Ward while performing his duties from January 2001 - December 2003 for CDCR at CSATF Corcoran.

Request 1 seeks documents covered by Request 7. Request 1 is disregarded.

**Request 2.** Internal Affairs Office reports on Defendant Ward and Adams limited in time from January 2001 to December 2003 while working for CDCR at CSATF Corcoran.

A request for all Internal Affairs reports concerning defendants, regardless of the subject or nature of the report(s), is overbroad. The request is limited to "Internal Affairs Office reports concerning the use of rubber bullet launchers by defendant Adams or Ward, limited in time from January 2001 to December 2003."

///

---

[1] Plaintiff is advised that the submission of duplicate motions is unnecessary and creates confusion in the court record.

**Request 3.**  The Use of Force Policy of 40 m/m firearm that CSATF Corcoran teaches and utilizes during training of staff for deployment at CSATF Corcoran institution, limited in time from January 2001 - December 2003.

Request 3 is granted.

**Request 4.**  The CSATF Corcoran Armory Log from January 2001-December 2003 including the name, model, make, and serial number of the 40 m/m launcher used to injure Plaintiff on May 13, 2003 at CSATF Corcoran.

The second part of Request 4 seeks the name, model, make, and serial number of the 40 m/m launcher used on Plaintiff.  Plaintiff may seek records only and may not propound an interrogatory on a non-party.  Therefore, the request is limited to the CSATF Armory Log from January 2001 to December 2003.

**Request 5.**  The procurement and purchase of all 37 m/m and 40 m/m destructive devices and all associated ammunition accessories and aiming devices from January 2001- December 2003.

Request 5 is not a request for documents. This request is denied.

**Request 6.**  All documents or records or range qualification for defendant Adams and Ward, including any target photographs or video from January 2001 - December 2003 from defendant Ward and Adams while working for CDCR at SATF Corcoran;

It is unclear why the range qualifications for defendant Adams are relevant to any claim or defense, or reasonably calculated to lead to the discovery of admissible evidence.  There is no allegation that defendant Adams fired a rubber bullet launcher at Plaintiff.  The request is therefore narrowed as follows, "All documents, including but not limited to, photographs and videos, detailing the shooting qualifications of defendant Ward, limited in time from January 2001 to December 2003."

**Request 7.**  Records, litigations, appeals, grievances, investigations, reviews or reports that mention, describe or record defendant Ward's use of force while employed by CDCR and any other correctional officer who has deployed a 40 m/m firearm in the performance of his or her duties for CDCR on May 13, 2003 or before this incident at CSATF Corcoran from January 2001 - December 2003;

Request 7 is overbroad.   The request is limited to "Form 602 inmate grievances and appeal responses, and incident reports concerning the use of a 40 m/m firearm by defendant Ward, limited from January 2001 to December 2003."

**Request 8.**  Bureau of Alcohol/Tobacco/and Firearm for approving any and all 40 m/m destructive devices covered under the National Firearm Act transferred to CSATF Corcoran parties who made the actual presentation, training, sales, delivery, including subcontractors identification for CDCR at CSATF Corcoran from January 2001- December 2003.

Request 8 is not a request for documents. This request is denied.

**Request 9.** The production of all documents that mention, describe, discuss, identify or could lead to identifying John Doe #1 is the staff member at CSATF who at the time of the incident May 13, 2003 or before was in charge of ordering, maintaining, testing, and assigning firearms at CSATF Corcoran from January 2001 - December 2003. Doe #2 is a correctional staff member who at the time of incident May 13, 2002 or prior to this incident was assigned to CSATF Procurement department who procured the 40 m/m launcher as well as the procurement of the xm 1006 exact impact 40 m/mm solid projectile munition at CSATF Corcoran from January 2001 - December 2003.Doe #3 is the correctional training sergeant / range master at CSATF on May 13, 2003 or before the incident which injured Plaintiff who trained correctional officer G. Ward at CSATF Corcoran from January 2001 - December 2003.

The request by Plaintiff is not narrowed to a particular category of document, nor has he described the documents requested with reasonable particularly. Plaintiff's request amounts to a fishing expedition and is therefore denied.

### III.    Defendants' Motion for Summary Judgment

On November 24, 2008, Defendants filed a motion for summary judgment. Plaintiff filed a response on December 15, 2008, requesting that the motions to compel be resolved prior to resolution of the summary judgment motion. (Docs. 39, 40.)

Because discovery is still ongoing, Defendants' motion for summary judgment is taken off calendar until discovery is complete and Plaintiff files his statement of opposition or non-opposition to the motion.

### IV.    Conclusion and Order

Pursuant to Federal Rule of Civil Procedure 45(b)(1), this order provides the requisite notice to the parties that the Court will, after twenty days from the date of service of this order, issue the subpoena and direct the United States Marshal to effect personal service upon Ken Clark, Warden at CSATF.[2]

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motions for the issuance of a subpoena duces tecum are GRANTED in part and DENIED in part as described by this order;

2. Pursuant to Rule 45(b)(1), the parties are placed on notice that a subpoena duces tecum to Warden Ken Clark shall be issued after **twenty (20) days** from the date of

---

[2] Plaintiff requests that the subpoena be issued to the Custodian of Administration Records at CSATF. The Court instead directs the subpoena to the warden at CSATF.

1    service of this order.

2    3.   Defendants' motion for summary judgment, filed November 24, 2008, is vacated

3         from the Court's calendar pending resolution of discovery.

4    IT IS SO ORDERED.

5    Dated:   **August 19, 2009**              /s/ **Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE