# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESHAWN HARDGE, | CASE NO. 1:05-cv-00718-LJO-DLB PC |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR EXTENSION OF TIME |
| v. | |
| ALAMEIDA, et al., | (Doc. 60) |
| Defendants. | ORDER REQUIRING PLAINTIFF TO FILE OPPOSITION TO MOTION FOR SUMMARY JUDGMENT WITHIN **FIFTEEN DAYS** |

Plaintiff Deshawn Hardge ("Plaintiff") is a former California state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's amended complaint, filed April 14, 2006, against Defendants Adams and Ward for excessive force in violation of the Eighth Amendment.

Defendants filed a motion for summary judgment on November 24, 2008. (Doc. 39.) The motion was vacated from the Court's calendar pending completion of discovery. Discovery closed, and the Court ordered Plaintiff to file an opposition to Defendants' motion on March 29, 2010. (Doc. 59.) Plaintiff was granted thirty days to comply. On May 3, 2010, Plaintiff filed a motion for extension of time, contending that he had not received all his property when he paroled in November of 2009. (Doc. 60.) Plaintiff requested an additional four months. On May 6, 2010, the Court ordered Defendants to update the Court as to Plaintiff's property. (Doc. 61.) On May 11, 2010, Defendants filed a response, stating that Plaintiff had received all of his property when he was paroled, and that Plaintiff's reasons for requesting an extension of time

1 were false. (Doc. 62.)

2 On May 19, 2010, Plaintiff filed a reply to Defendants' response. (Doc. 63.) Plaintiff contends that he did have property left behind, because Plaintiff was concerned about the prison misplacing his property if he sent it to R&R. However, Plaintiff states that he has enough legal documents to proceed in this action. Plaintiff still requests an additional four months to file an opposition to the motion for summary judgment,[1] which has been pending since November 11, 2008.

Plaintiff presumably received all the relevant discovery materials he requested by December 30, 2009. Plaintiff currently concedes he has enough legal material to proceed in this action. Plaintiff has presented no good cause for a four-month extension of time to be granted. This action has been pending since June 3, 2005, and further delay will not be permitted.

Accordingly, the Court HEREBY ORDERS Plaintiff to file an opposition to Defendants' motion for summary judgment within **fifteen (15) days** from the date of service of this order. Failure to comply will be construed as a waiver of opposition to the motion. Local Rule 230(l). No extensions of time will be granted. If Plaintiff files a timely opposition, Defendants may file and serve a reply within fourteen days after service of the opposition.

IT IS SO ORDERED.

Dated: **May 20, 2010**          **/s/ Dennis L. Beck**
                                  UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff also requests an extension to oppose Defendants' extensions of time, filed December 2, 2009 and December 16, 2009. (Docs. 55, 57.) The Court had granted those extensions of time on December 9, 2009, and January 25, 2010, respectively. (Docs, 56, 58.) The Court did not require Plaintiff to file an opposition to any extensions of time in this matter. Plaintiff apparently paroled in November 2009, but did not update the Court as to a change of address until May 3, 2010, when he filed his motion for extension of time. (Doc. 62, Defs.' Status Report; Doc. 60, Pl.'s Mot.) Plaintiff's contention that he only recently received mail regarding this action from his parole officer is not good cause, because it was Plaintiff's responsibility to update the Court as to his current address. Local Rule 183(b). It is unclear what Plaintiff opposes about the extensions of time, as Plaintiff has not stated any rationale, and the Court will not speculate. Plaintiff's delay waives any opposition to any of the motions for extension of time.

2