# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESHAWN HARDGE, | CASE NO. 1:05-cv-00718-LJO-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BE GRANTED AND JUDGMENT ENTERED FOR DEFENDANTS |
| v. | |
| E. S. ALAMEIDA, et al., | |
| Defendants. | (Doc. 39) |
| / | OBJECTIONS DUE WITHIN 30 DAYS |

**Findings And Recommendations**

Plaintiff Deshawn Hardge ("Plaintiff") was a prisoner formerly in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's amended complaint, filed April 14, 2006, against Defendants Adams and Ward for use of excessive force in violation of the Eighth Amendment. On November 24, 2008, Defendants filed a motion for summary judgment. (Doc. 39, Defs.' Mot. For Summ. J.) After several extensions of time were granted for Plaintiff to conduct additional discovery, the Court ordered Plaintiff to file an opposition to Defendant's motion, with a filing deadline of May 3, 2010. (Doc. 59.) Plaintiff requested additional time to file an opposition, and the Court granted Plaintiff a filing deadline of June 8, 2010. (Doc. 64.) On June 10, 2010, Plaintiff filed his opposition. (Doc. 65, Pl.'s Opp'n.) Plaintiff's opposition is dated June 5, 2010. Defendants filed their reply on June 16, 2010. Pursuant to Local Rule 230(l), the matter is deemed

submitted.[1]

## II. Motion For Summary Judgment

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Under summary judgment practice, the moving party

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a Summary Judgment Motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" *Id.* Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.* at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 586 n.11. The opposing party must

---

[1] Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment by the Court in an order filed January 10, 2007. *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988).

1  demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the
2  suit under the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *T.W.*
3  *Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987), and that
4  the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for
5  the nonmoving party, *Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1436 (9th Cir. 1987).

6      In the endeavor to establish the existence of a factual dispute, the opposing party need not
7  establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual
8  dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at
9  trial." *T.W. Elec. Serv.*, 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce
10 the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"
11 *Matsushita*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963
12 amendments).

13     In resolving the Motion for Summary Judgment, the Court examines the pleadings,
14 depositions, answers to interrogatories, and admissions on file, together with the affidavits, if
15 any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed, *Anderson*, 477
16 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the
17 court must be drawn in favor of the opposing party, *Matsushita*, 475 U.S. at 587 (citing *United*
18 *States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam)). Nevertheless, inferences are not
19 drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from
20 which the inference may be drawn. *Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-
21 45 (E. D. Cal. 1985), *aff'd*, 810 F.2d 898, 902 (9th Cir. 1987).

22     Finally, to demonstrate a genuine issue, the opposing party "must do more than simply
23 show that there is some metaphysical doubt as to the material facts. . . .Where the record taken as
24 a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine
25 issue for trial.'" *Matsushita*, 475 U.S. at 586-87 (citations omitted).

26 ///
27 ///
28 ////

### III. Statement Of Undisputed Facts[2]

During the relevant time, Plaintiff[3] was a prisoner in the custody of the California Department of Corrections and Rehabilitation at the California Substance Abuse Treatment Facility ("CSATF"). (Undisputed Fact ("UF") 1.) Defendant Ward was a Correctional Officer at CSATF. (UF 2.) Defendant Adams was the Warden of CSATF. (UF 3.)

On May 13, 2003, inmates began fighting on the yard at Facility IV of CSATF. (UF 4.) Custody staff, including Defendant Ward, ordered the inmates on the yard to get down. (UF 5.) Plaintiff was located in front of the fighting inmates. (UF 6.) Because the fighting inmates ignored these orders, custody staff used less-than-lethal force, including firing rubber bullets, to stop the fighting. (UF 7.) Defendant Ward, who was located in an observation tower, fired two shots from his rubber bullet launcher at the fighting inmates. (UF 8.) The second shot fell short of the fighting inmates and hit Plaintiff in the jaw, causing a fracture. (UF 9.) Defendant Ward was aiming at the fighting inmates and did not intend to hit Plaintiff. (UF 10.)

Defendant Warden Adams was not involved in the purchase of the rubber bullet launchers at CSATF. (UF 11.) If there was more than one type of sight available for the rubber bullet launchers, Defendant Adams did not decide what sights the launchers would have. (UF 11.) Those decisions were made by the Office of Correctional Safety at CDCR headquarters. (UF 11.)

### IV. Analysis

Defendants contend that (1) Defendant Ward's use of force was reasonable, (2) even if he failed to use proper care, his conduct amounted at most to negligence, (3) Defendant Adams's was not personally involved in any constitutional violation, and (4) Defendants are entitled to qualified immunity. (Mot. For Summ. J. 3:21-6:21.)

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual

---

[2] As correctly noted by Defendants, Plaintiff provides no citation to any evidence to dispute Defendants' statement of facts. (Doc. 66, Defs.' Reply 3:1-7.) Defendants' statement of facts is thus undisputed for purposes of this motion.

[3] Defendants erroneously wrote Defendant Ward's name here. The Court presumes this was error, and that Defendants meant to write Plaintiff's name.

4

Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." *Id.* (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. *Id.* at 9; *see also Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002) (holding that Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 6-7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Id.* at 7 (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." *Id.*[4]

**A,  Defendant Ward**

Under the undisputed facts, Defendant Ward's conduct was reasonable. A fight between inmates was occurring on the yard. Custody staff ordered all the inmates to get to the ground, but the fighting inmates did not comply. Custody staff then used less-than-lethal force, namely firing

---

[4] Plaintiff contends that he is not making an excessive force claim. (Opp'n 2.) Plaintiff is incorrect. Given the circumstances in the undisputed facts, a prison fight was in progress. This required prison officials, including Defendant Ward, to act in response to an immediate disciplinary need, which is analyzed under the "malicious and sadistic" standard, not the "deliberate indifference" standard. *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986).

of rubber bullets, on the fighting inmates.  Defendant Ward fired two shots at the fighting inmates, and the second rubber bullet struck Plaintiff, but not intentionally.  The need for force under these circumstances was great.  There was a fight between inmates occurring in the yard, and the fighting inmates ignored custody staff orders to get on the ground.  The use of less-than-lethal force was appropriate to the situation.  *Hudson*, 503 U.S. at 7; *see Mauro v. Arpaio*, 188 F.3d 1054, 1059 (9th Cir. 1999) (en banc) (finding it "beyond question" that institutional security is legitimate penological interest).  The undisputed facts do not indicate that Defendant Ward acted maliciously or sadistically to harm Plaintiff.  Defendant Ward acted reasonably under the circumstances in a good-faith effort to maintain or restore discipline.  *See Hudson*, 503 U.S. at 7.  Plaintiff failed to raise a genuine issue of material fact.  Accordingly, judgment should be entered in favor of Defendant Ward for the claim of excessive force in violation of the Eighth Amendment.  Because the Court finds in favor of Defendant Ward, it is unnecessary to reach Defendant Ward's contentions regarding negligence and qualified immunity.

### B.     **Defendant Adams**

A supervisory defendant is liable under § 1983 only for his or her own conduct, not the conduct of his or her subordinates.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Defendant Adams was not involved in the incident.  Defendant Adams was not involved in the purchase of the rubber bullet launchers in any way.  Decisions regarding the rubber bullet launchers were made by the Office of Correctional Safety, not Defendant Adams.  Thus, Defendant Adams did not violate any of Plaintiff's constitutional rights.  Plaintiff failed to raise a genuine issue of material fact.

Accordingly, judgment should be entered in favor of Defendant Adams as to the Eighth Amendment claim.  Because the Court finds in favor of Defendant Adams, the Court declines to reach Defendant's contentions regarding qualified immunity.

### V.     **Conclusion and Recommendation**

Based on the foregoing, it is HEREBY RECOMMENDED that Defendants' motion for summary judgment, filed November 24, 2008, should be GRANTED, judgment should be entered in favor of Defendants Ward and Adams, and this action should be closed.

1       These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

      IT IS SO ORDERED.

      Dated:   **June 18, 2010**                    /s/ **Dennis L. Beck**
                                                            UNITED STATES MAGISTRATE JUDGE